UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DR. STEVEN JONES,           :
                            :
        Plaintiff,          :        Civil Action
                            :
vs.                         :        Case Number: _____
                            :
GENERAL MOTORS, LLC,        :
                            :
        Defendant.          :
                            :
_____ :

## COMPLAINT

## JURISDICTIONAL STATEMENT

1.      This Court has jurisdiction over the subject matter of the within action pursuant to Statutory Jurisdiction  28 USC  §1332, as the action is between citizens of different States and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

2.      Plaintiff, Dr. Steven Jones, is a citizen of Washington, D.C. and resides at 2300 Good Hope Road, S.E., #402, Washington, D.C. 20020.

3.      Defendant, General Motors, LLC, ("GM") is a corporation organized and existing under the laws of the State of Michigan with its principal place of business at 300 Renaissance Center, Detroit, Michigan  48256; General Motors is the designer and manufacturer of the Chevrolet Cobalt 2005, which at all times pertinent to this Complaint was owned and operated by Plaintiff Jones.

4.      This Court has personal jurisdiction over General Motors, LLC because GM conducts significant business within the District of Columbia, therefore this Court has general jurisdiction for all purposes.  GM, LLC can be served through its registered agent CT Corporation Service Company, 1015 15th Street, NW, Washington, D.C., 20005.

1

## COUNT I

5.      Paragraphs 1 through 4 above are incorporated herein as if again set forth in full.

6.      On February 24, 2014, General Motors issued a Notice to the National Highway Traffic and Safety Administration which included the recall of Plaintiff Jones' Chevrolet Cobalt 2005; and it included models ranging from the 2003-2007 Saturn Ions, 2006-2007 Chevrolet HHRS; 2006-2007 Pontiac Solstices and 2007 Saturn Skys, bringing the total recalled in U.S. population to over 2,5 million.

7.      GM became aware of the defective ignition switch in 2005 before they launched the 2005 Cobalt.  GM did an investigation and after consideration of the lead-time required, cost and effectiveness of potential solutions, the investigation was closed and no action was taken.

8.      On August 11, 2013, Dr. Steven Jones' car stopped/stalled while travelling in the third lane of the 3rd Street (Southbound) Tunnel  in Washington, D.C. at which point he was rear-ended by a car driven by a vehicle driven by Summers Falisha Sharman,  As a result of Jones' vehicle being stalled on the Freeway due to the failure and/or malfunction of the ignition switch the engine of his car shut off, the air bags failed to deploy and the steering device locked.

9.      In the collision, the ignition system malfunctioned and caused the engine to suddenly lose power when the key moved out of the run position, when the driver inadvertently contacted the key to the steering column, which caused the s car's engine which caused the subject vehicle's engine to suddenly stop/stall on the Freeway and resulted Plaintiff's Jones' vehicle to be hit from behind (rear-ended) at 65 miles per hour by Sharman's vehicle.  This rear-end collision resulted in extensive injuries, physical and emotional to Plaintiff Jones.

10.     Jones' Chevrolet Cobalt was designed, manufactured and sold by General Motors and GM knew at the time of sale of the defective ignition switch.  As a result of the defective

(faulty) switch Jones' car unexpectedly slipped out of the run position and caused the engine to shut down. Jones' power assisted steering and brakes failed and the air bag did not inflate when Jones' car was hit in the rear at 65 miles per hour causing extensive physical and mental injuries to Jones.

     11.    GM breached it's duty  owned to Jones in the manufacturing, development and sale of the Chevrolet Cobalt  2005 by:

     (a)    Failing to notify Jones of the defective switch or failing to recall the Chevrolet Cobalt all of which was known to GM and thus GM failed to exercise due cause;

     (b)    Failing to provide adequate non-defective ignition switches for a person in Jones' position which would have prevented Jones' car from stalling in traffic;

     (c)    Failing to notify Jones of the danger present in operating the Chevrolet Cobalt 2005 with the defective switch.

     12.    GM's failure to design a switch that changed the switch from a slot design to a hole design to prevent the key from easily jogging the ignition switch out of the run position. Jones did not have notice of the changed switch that was introduced in the 2007 model year that could have prevented this accident.

     13.    Jones' injury was reasonably foreseeable by GM in the sale, manufacture and design of a car that had a defective ignition switch.

     14.    As a result of the acts complained of by Jones, Jones suffered severe nightmares, permanent injuries and damages, including but not limited to anxiety, depression and other physical and emotional injuries, loss of his vehicle, loss of earning capacity, loss of earnings, pain and suffering and other consequential damages (See Damages listed below).

WHEREFORE, Jones demands judgment against GM in an amount that exceeds the jurisdictional requirements of this Court plus interest and costs.

## COUNT II

Paragraphs 1 through 14 above are incorporated herein as if again set forth in full.

15.     GM designed, manufactured and placed the Chevrolet Cobalt 2005 in the stream of commerce prior to the accident on August 11, 2013 between Jones and Sharman (the driver of the car that rear-ended Jones).

16.     GM was the seller engaged in the business of selling products such as Jones' vehicle in a defective and dangerous condition.

17.     The GM vehicle was sold in a defective condition which made it reasonably dangerous for Jones and GM could have reasonably expected Jones to be injured by the defect and design deficiencies in his vehicle.

18.     Jones neither knew, nor in the exercise of reasonable care, could have known of any defects or deficiencies in his vehicle that existed prior to sustaining his injuries.

19.     As a direct and proximate result of the defective ignition switch in Jones' car and the breached claim of herein, Jones suffered severe and permanent injuries and damages, including but not limited to anxiety, stress, nightmares and physical and emotional injuries.

WHEREFORE, Jones demands judgment against GM in an amount that exceeds the jurisdictional requirements of this Court plus interest and costs.

## COUNT III

20.     Paragraphs 1 through 14 and 15 through 19 above are incorporated herein as if again set forth in full.

21.     Sharman collided with the rear-end of Jones' car as a result of Jones' stalling on the highway due to the defective ignition switch.

22.     As a direct and proximate result of Sharman's car colliding with Jones' car, Jones suffered severe and permanent injuries and damages, including but not limited to physical and emotional injuries and costs of treatment.

WHEREFORE, Jones demands judgment against GM in an amount that exceeds the jurisdictional requirements of this Court plus interest and costs.

## COUNT IV

### Breach of Implied Warranty of Merchantability

23.     Plaintiff re-alleges all proceeding allegations as if again set forth in full.

24.     GM sold vehicles that were accompanied by an implied Warranty of Merchantability.

25.     The vehicles sold by General Motors were dangerous and defective.  The vehicles required repair or replacement of the ignition switches.

26.     The defective ignition switches make the vehicles not fit for their ordinary use.

27.     The vehicles were unreasonably dangerous when sold, therefore GM breached its duty of Merchantability.

28.     Jones will recover damages as set forth below.

## COUNT V

### Damages

1.      Replacement of the loss vehicle because it was totaled;

2.      Loss for out of pocket costs for alternative transportation;

3.      Prior repairs to his car for the car stalling;

4.      Diminution in value of the car for being a total loss; and

5.      Incurred risk of physical harm.

## COUNT VI

### PRAYER

WHEREFORE, Plaintiff respectfully requests this Honorable Court to Order:

a)      Find that Defendant is liable under all legal claims asserted herein;

b)      Award damages to Plaintiff under common and statutory theories stated herein, including consequential, compensatory and punitive damages as set forth above; and

c)      Awarding attorney fees and litigation costs.

## CERTIFICATE OF SERVICE

I, hereby declare that I electronically filed and mailed postage prepaid on the 23___ day of June, 2014 the attached Complaint to:

General Motors, LLC
c/o Corporation Service Company
1090 Vermont Avenue NW
Washington, DC  20005

CT Corporation System
1015 15th Street NW
Suite 1000
Washington, DC  20005

/s/ Allen Wilson
_____
Allen Wilson, Esq.
1629 K Street, N.W.
Suite 300
Washington, D.C.  20006
Bar #: 479284
(202) 508-3794
Attorney for Plaintiff Dr. Steven Jones

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all triable issues.

Dated: JUNE 23, 2014

Dr. Steven Jones

Respectfully submitted,

*Allen Wilson*

/s/

Allen Wilson, Esq.
Bar No.: 479284
1629 K Street NW
Suite 300
Washington, DC  20006
202-508-3794
202-331-3759 (fax)
Attorney for Dr. Steven Jones